|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| COLLEEN LITTLE, | NO. C17-0143RSL |
|---|---|
| Plaintiff, | |
| v. | ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Colleen Little appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 59-year-old woman with a bachelor's degree. Administrative Record ("AR") at 191, 214. Her past work experience was as a realtor, social media trainer, campaign

//

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

executive, and bus driver. AR at 215. Plaintiff was last gainfully employed in June of 2014. AR at 213.

Plaintiff protectively filed applications for DIB and SSI on June 21, 2014. AR at 18. Plaintiff asserted that she was disabled due to atrial flutter, episodic memory loss, panic attacks, insomnia, anxiety, bipolar disorder, attention deficit hyperactivity disorder, depression, and hypertension. AR at 213.

The Commissioner denied plaintiff's claims initially and on reconsideration. AR at 18. Plaintiff requested a hearing, which took place on March 29, 2016. Id. On July 14, 2016, the ALJ issued a decision finding that plaintiff was not disabled based on her finding that plaintiff could perform specific jobs existing in significant numbers in the national economy. AR at 18-29. Plaintiff's request for review by the Appeals Council was denied on July 15, 2016 (AR at 1-6), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On February 2, 2017, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 3.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala,

53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III. EVALUATING DISABILITY

As the claimant, Ms. Little bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

//

//

§§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

## IV. DECISION BELOW

On July 14, 2016, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since June 19, 2014, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: heart disease/disorder, hypertension, bipolar disorder, and attention deficit disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except she can lift or carry 50 pounds occasionally and 25 pounds frequently; she can sit, stand, and walk for six hours each in an eight-hour workday; she can perform all postural movements except she can occasionally climb ladders, ropes, and scaffolds; she must avoid concentrated exposure to extreme heat, humidity, pulmonary irritants, and hazards (such as heights and dangerous moving machinery); she has sufficient concentration to understand, remember, and carry out complex and detailed tasks; she can maintain concentration, persistence, and pace in two- hour increments throughout an eight-hour workday; she can have superficial and occasional contact with the general public (superficial means she can refer the public to others to resolve their demands/requests but does not need to resolve those demands/requests herself); and she can adapt to workplace changes, as may be required for complex and detailed tasks.

5. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

6. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 19, 2014, through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

AR at 18-29.

## V. ISSUE ON APPEAL

The issue on appeal is whether the ALJ erred in making step-five findings that were inconsistent with the RFC. Dkt. 9 at 1.

## VI. DISCUSSION

Plaintiff argues that the ALJ erred by identifying jobs at step five that plaintiff could perform that were inconsistent with the RFC assessed by the ALJ. See Dkt. 9 at 3-6. The Court agrees.

If a claimant cannot perform her past relevant work, the ALJ must show at step five of the sequential evaluation process that there are a significant number of jobs in the national economy that the claimant is able to perform. See Tackett, 180 F.3d at 1098-99; 20 C.F.R. §§ 404.1520(d), (e), 416.920(d), (e). The ALJ can show this through the testimony of a vocational expert. See Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000). An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ to the vocational expert. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).

The ALJ has the affirmative responsibility to ask the vocational expert about possible conflicts between her testimony and information in the Dictionary of Occupational Titles ("DOT"), and its companion publication, the Selected Characteristics of Occupations ("SCO"). See Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704. Before relying on evidence obtained from a vocational expert to support a finding of not disabled, the ALJ is required to

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

1 | elicit a reasonable explanation for any discrepancy with the DOT. See id. at *1. The ALJ also
2 | must explain in her decision how the discrepancy or conflict was resolved. See id. at *4. To be
3 | characterized as a discrepancy, however, the conflict must be obvious or apparent, meaning
4 | that the vocational expert's testimony must be at odds with the DOT's listing of duties that are
5 | essential, integral, or expected for performing that job. See Gutierrez v. Colvin, 844 F.3d 804,
6 | 808 (9th Cir. 2016).

Here, the ALJ found at step five that plaintiff could perform the jobs of hand packager and hospital cleaner. AR at 28. The RFC stated that plaintiff must avoid "concentrated" exposure to pulmonary irritants and humidity. See AR at 22. The vocational expert testified that plaintiff could perform the jobs of hand packager and hospital cleaner with the RFC assessed. See AR at 73-74. The vocational expert stated that his testimony was consistent with the DOT and SCO. See AR at 74. The job of hand packager requires "frequent" exposure to atmospheric conditions. See SCO, available at http://www.nosscr.org/sco/sco.pdf, at 316, last visited 08/07/2017 ("HAND PACKAGER," DOT 920.587-018). The job of hospital cleaner requires "frequent" exposure to wet or humid conditions. See id. at 132 ("HOSPITAL CLEANER," DOT 323.687-010). Plaintiff argues that the ALJ did not properly explain this apparent conflict. See Dkt. 9 at 3-6. The Commissioner argues that that the alleged conflict is not obvious or apparent, so the ALJ was entitled to rely on the vocational expert's statement that his testimony was consistent with the DOT in finding that plaintiff was not disabled. See Dkt. 10 at 4-6.

It is unclear whether the use of "concentrated exposure" in the RFC refers to the frequency of the exposure, the duration of the exposure, or the strength of the pulmonary irritants or humidity. However, the Court infers that, without further explanation, an employee

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

who cannot tolerate concentrated exposure to pulmonary irritants or humidity cannot reasonably work jobs that require frequent exposure to atmospheric conditions or wet or humid conditions. The Commissioner argues that a common-sense reading of the job description would indicate that a hand packager would only be exposed to atmospheric conditions that affect the skin, rather than pulmonary irritants. See Dkt. 10 at 5-6. However, the job description includes cleaning packaging containers, filling containers with product, and gluing containers closed, which could reasonably involve pulmonary irritatants. See DOT 920.587-018. Similarly, the Commissioner argues that a hospital cleaner would be exposed to wet conditions but not humid conditions. See Dkt. 10 at 4-5. However, the job description includes cleaning tubs and showers, mopping, and washing walls and windows, which could reasonably create humid conditions. See DOT 323.687-010. Therefore, the Court cannot definitively infer that vocational expert's testimony did not conflict with the expected duties of these jobs. The ALJ erred by failing to explain this apparent conflict.

Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Plaintiff requests that the matter be remanded for further administrative proceedings. See Dkt. 9 at 6. Accordingly, the Court remands this case only for further testimony on whether plaintiff can perform the jobs listed by the ALJ or other jobs existing in significant numbers in the national economy under the RFC assessed.

## VII.   CONCLUSION

For the foregoing reasons, the Court finds that the ALJ erred by failing to follow the Court's order and develop the record. The decision of the Commissioner is REVERSED, and

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

1 | this matter is REMANDED for further proceedings not inconsistent with this Order.

2 | Dated this 23rd day of August, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9